**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOE PEYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0762-CVE-SAJ |
| ) | |
| DAVID C. MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations and brief in support (Dkt. #s 8, 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 10). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner was convicted by a jury of five counts of Robbery with Firearms in Tulsa County District Court, Case No. CF-00-2693. He was sentenced to ten (10) years imprisonment on two counts and five (5) years imprisonment on the other three counts, with the sentences ordered to run consecutively. Petitioner appealed his Judgment and Sentences to the Oklahoma Court of Criminal Appeals ("OCCA") where, on September 11, 2002, his convictions and sentences on three of the counts were reversed and remanded with instructions to dismiss. (Dkt. # 9, Ex. 1). The judgment and sentences on the two convictions for terms of 10-years were affirmed. Nothing in the record

indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On December 29, 2003, Petitioner filed an application for post-conviction relief (Dkt. # 9, Ex. 2). The District Court for Tulsa County denied the request by Order on February 5, 2004 (Dkt. # 9, Ex. 3). Petitioner appealed the district court's denial to the OCCA on March 5, 2004, and the OCCA denied relief by Order filed May 20, 2004 (Dkt. # 9, Ex. 5).

Petitioner filed his federal petition for writ of habeas corpus in this Court on October 4, 2004 (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**a.     Calculation of limitations period**

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that Petitioner's habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on or about December 10, 2002, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on December 10, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after December 10, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period which ended on December 10, 2003. Petitioner's post-conviction proceeding does not toll the limitations period because it was not filed until December 29, 2003, after the limitations period had already expired on December 10, 2003. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only

properly filed post-conviction applications filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001). Therefore, unless Petitioner can demonstrate that he is entitled to other statutory or equitable tolling of the limitations period, his Petition filed October 4, 2004, approximately ten months after expiration of the limitations period, is clearly untimely.

**b.    Equitable tolling**

AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to diligently pursue his claims and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). For the reasons discussed below, the Court finds that Petitioner has not demonstrated a "rare and exceptional circumstance" nor has he shown that his failure to timely file was caused by extraordinary circumstances beyond his control. As a result, Petitioner is not entitled to equitable tolling.

In response to Respondent's motion to dismiss, Petitioner contends that "failure to review his claims will result in a fundamental miscarriage of justice and furthermore the very nature of his claims renders them exempt from procedural bar." (Dkt. # 10). Petitioner argues that he is actually innocent of one count of robbery, that "Respondents must address the issue. . .[and] must show then that the petitioner is not actually innocence [sic] of the robbery conviction or that a miscarriage of justice does not exist, in order to inflict or suggest a bar of the claim." Id. at 2. He also states he is entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000), as an intervening change in

4

the law, and that his claim that Oklahoma's sentence modification statutes are unconstitutional is a serious, novel issue which cannot be barred. In summary, Petitioner asserts that his claims "bypass a procedural default." Id. at 3.

The Court rejects Petitioner's arguments. First, although equitable tolling may be appropriate upon a showing of actual innocence, see Miller v. Marr, 141 F.3d 1557, 1561-62 (10th Cir. 1998), Petitioner's repeated conclusory statements that he is actually innocent are insufficient to support a showing of actual innocence. Contrary to Petitioner's assertion, Respondent does not have the burden in this habeas proceeding to show that Petitioner is not actually innocent of the robbery conviction.

Petitioner's claim of entitlement to relief from the statute of limitations under Apprendi because it is "an intervening change in the law" is also unavailing. The Supreme Court decided the Apprendi case on June 26, 2000, well before Petitioner's trial in 2001.[1] As a result, the Apprendi decision has no impact on the limitations analysis in this case.

Finally, Petitioner claims that the OCCA violates due process and equal protection rights in its application of Oklahoma's sentencing modification statute found in Okla. Stat. tit. 22, § 982a.[2] Petitioner appears to argue that the statute of limitations did not begin to run on this issue until "the point the petitioner began requesting a modification and when that time ended and he began his collateral applications." (Dkt. # 10 at 3). He also claims the issue is "so novel as to bypass a procedural default." Id. The Court does not agree. An application for sentence modification under

---

[1] Petitioner advises in his petition that his judgment and conviction was in January, 2001, and he was sentenced on January 29, 2001. (Dkt. # 1 at 1).

[2] This statute allows a state sentencing court to modify a sentence, at its discretion, within twelve (12) months after a sentence is imposed.

Oklahoma law does not constitute a post-conviction proceeding for purposes of tolling the AEDPA limitations period under § 2244(d)(2). In addition, Oklahoma's sentence modification procedure is not part of the direct review process, and for purposes of § 2244(d)(1)(A) the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Williams v. Beck, 2004 WL 2491764 (10th Cir. 2004) (unpublished opinion) (denying certificate of appealability and finding § 982a procedure is not part of direct review process under Oklahoma law). The Court finds that Petitioner's efforts to obtain a modification of his sentence under Okla. Stat. tit. 22, § 982a, did not toll the running of the limitations period for his federal habeas corpus action. Further, the Court finds that Petitioner's "novelty of the issue" argument is without merit because the original judgment and sentence, not the sentencing modification procedure, furnishes the predicate of habeas corpus claims.

Finding no statutory or equitable basis for extending the limitations period, the Court concludes the petition filed October 4, 2004, is untimely and Respondent's motion to dismiss should be granted. The petition for writ of habeas corpus should be dismissed with prejudice.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, the petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**IT IS SO ORDERED** this 22nd day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT